619 F.2d 47
 Ronald B. SHERWOOD, Appellant,
v.
Harold BROWN, Secretary of Defense, J. William Middendorf,
Secretary of the Navy; Captain D. B. Pringoe,
Commanding Officer, Naval Air Station
Miramar, Appellees.
 No. 78-2475.
 United States Court of Appeals,
Ninth Circuit.
 May 19, 1980.
 
 G. T. S. Khalsa, San Francisco, Cal. (argued), and Ram Das Singh Khalsa, Los Angeles, Cal., on brief, for appellant.
 John R. Neece, Asst. U. S. Atty., San Diego, Cal., argued, for appellees; Joseph T. Cook, Asst. U. S. Atty., San Diego, Cal., on brief.
 Appeal from the United States District Court for the Southern District of California.
 Before ELY and WALLACE, Circuit Judges, and KING,* District Judge.
 PER CURIAM:
 
 
 1
 Sherwood appeals the dismissal on summary judgment of his complaint challenging the constitutionality of his court-martial and discharge from the United States Navy. In November 1973, four years after he enlisted in the Navy, Sherwood took the vows of a member of the Sikh religion. Those vows require, in part, that:
 
 
 2
 (A) Sikh will not alter his human form from the way the Creator has created it, thereby not removing or permitting to be removed, any hair from the body, and protecting his human form by wearing the unshorn hair on top of the head in a Rishi knot and covered with a cotton cloth known as a turban; . . . .
 
 
 3
 Sherwood refused to comply with Article 0112 of the Navy Uniform Regulations which precludes the wearing of turbans by naval personnel.[1] He was court-martialed and discharged from the Navy for failure to adhere to the uniform regulations. On January 10, 1977, Sherwood filed suit under 28 U.S.C. § 1331 requesting a declaration that the regulations were unconstitutional as applied to him, reinstatement in the Navy, and monetary damages.
 
 
 4
 Government regulations which infringe protected religious practice are proscribed by the free exercise clause of the First Amendment unless the Government can demonstrate that the regulation is the least restrictive alternative to meet a compelling state need. Wisconsin v. Yoder, 406 U.S. 205, 220, 92 S.Ct. 1526, 1535, 32 L.Ed.2d 15 (1972); Cantwell v. Connecticut, 310 U.S. 296, 306-07, 60 S.Ct. 900, 904, 84 L.Ed. 1213 (1940).
 
 
 5
 The District Court concluded that the Navy's interest in safety was sufficient to meet the compelling need requirement, and that because all naval personnel are subject to military duties which implicate the safety rationale, no less restrictive alternative exists.[2] Based on the affidavit of a senior naval officer, the District Court found that:
 
 
 6
 Whether aboard a ship or aircraft extreme conditions of confinement make safety the touchstone of combat readiness and efficiency. . . . (V)irtually all naval activities are conducted in close proximity to complex machinery of an often hazardous nature. Dangerous operating conditions cannot be tolerated. The accomplishment of an entire naval mission may be impaired by the failure of a single individual to perform his assigned task.
 
 
 7
 A Sikh cannot, for religious reasons, wear a helmet. (Citation omitted.) Absence of a helmet poses serious safety problems both for the unprotected sailor and for the crew that depends on him. Pilots and aircrewmen are required to wear specially protective helmets. Sailors working on an aircraft carrier flight deck or around operating aircraft must be similarly protected. All personnel at battle stations wear helmets to protect themselves from missiles such as shrapnel and to cushion their impact with bulkheads and overheads caused by a lurching vessel. A turban does not meet these safety requirements necessitated by both the ordinary and extraordinary activities of the modern, mechanized Navy.
 
 The judgment of the District Court is
 
 8
 AFFIRMED.
 
 
 
 *
 The Honorable Samuel P. King, Chief Judge, United States District Court for the District of Hawaii, sitting by designation
 
 
 [1]
 Article 0112: UNIFORMS TO BE PROVIDED AND WORN
 
 
 [1]
 All naval personnel shall provide themselves with an adequate supply of the correct uniforms in these regulations and are forbidden to possess or wear any other than the regulation uniform or insignia of their respective grades, corps, or ratings, or to wear decorations, medals, badges, or their ribbons in any way other than prescribed
 
 
 [2]
 At oral argument, Sherwood's attorney conceded that, on the record, there was no genuine issue of triable fact. In light of this concession, we are constrained to accept the "findings of fact" of the District Court, insofar as those findings are substantially supported by the record