**John F. NIESZNER, Appellant,**

**v.**

**Hans MARK, Secretary of the Air Force, Appellee.**

**No. 81-2343.**

United States Court of Appeals, Eighth Circuit.

Submitted May 20, 1982.

Decided July 21, 1982.

John S. Connolly, St. Paul, Minn., for appellant.

James M. Rosenbaum, U. S. Atty., Deborah Kleinman McNeil, Asst. U. S. Atty., D. Minn., Minneapolis, Minn., William A. Grunewald, Legal Intern, for appellee.

Before BRIGHT, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and ARNOLD, Circuit Judge.

BRIGHT, Circuit Judge.

John F. Nieszner appeals from the district court's[1] dismissal of his age discrimination claim against the Air Force. Nieszner seeks to challenge Air Force Regulation 36–15, ¶ 2–14(c)(3) (1978) (AFR 36–15), which requires an applicant for a commission program to "[b]e appointed as a commissioned officer before reaching age 35." The district court dismissed Nieszner's complaint for failure to state a claim on which relief may be granted. We affirm.

I. *Background.*

Nieszner, a technical sergeant in the Air Force Reserve, applied for an opening in the Outstanding Airmen Commissioning Program in February of 1978. Although Nieszner fulfilled the various educational and testing requirements specified in the regulations, he alleges that the Air Force unfairly turned him down solely because at age thirty-six, he was too old to qualify under AFR 36–15.

After Nieszner's pursuit of relief through intraservice grievance procedures proved unsuccessful, he filed a complaint in the district court seeking a declaratory judgment, preliminary and permanent injunctions, and money damages for alleged infringements of his constitutional rights. Specifically, Nieszner claimed that AFR 36–15 imposes an arbitrary and irrational age limitation, and that its application to him constitutes age discrimination in violation of his rights under the fifth and fourteenth amendments. The district court deemed the challenged regulation inappropriate for judicial review, and dismissed the complaint.

On appeal Nieszner argues that he presented a justiciable, constitutional claim against the military which the district court should have considered on the merits.

II. *Discussion.*

In dismissing Nieszner's claim, the district court relied on *Mindes v. Seaman*, 453 F.2d 197 (5th Cir. 1971), in which the Fifth Circuit noted the traditional judicial reluctance to interfere with internal military affairs.

> What we really determine is a judicial policy akin to comity. It is a determination made up of several subjective and interrelated factors. Traditional judicial trepidation over interfering with the military establishment has been strongly manifested in an unwillingness to second-guess judgments requiring military expertise and in a reluctance to substitute court orders for discretionary military decisions. Concern has also been voiced that the courts would be inundated with servicemen's complaints should the doors of reviewability be opened. But the greatest reluctance to accord judicial review has stemmed from the proper concern that such review might stultify the military in the performance of its vital mission. [*Mindes v. Seaman, supra*, 453 F.2d at 199.]

Recognizing, however, that "the courts have not entirely refrained from granting review and sometimes subsequent relief[,]" *id.*, the *Mindes* court considered a range of cases reflecting the competing policies for and against judicial review of claims against the military. *Id.* at 199–201. From these, the court distilled a two-part test for determining whether to review such claims.

First, a plaintiff challenging an internal military decision must allege a violation of the Constitution, a statute, or military regulation, and demonstrate exhaustion of intraservice remedies. If a plaintiff satisfies the first step, the trial court must then balance four factors to determine the claim's suitability for judicial review: (1) the nature and strength of the plaintiff's challenge to the military determination; (2) the potential injury to the plaintiff if review is refused; (3) the type and degree of anticipated interference with the military function; and (4) the extent to which the

1. The Honorable Donald D. Alsop, United States District Judge for the District of Minnesota.

exercise of military expertise or discretion is involved. *Id.* at 201–02.

In balancing the four *Mindes* factors,[2] the district court stated first that Nieszner had not presented a constitutional claim, because there exists no constitutional right to serve in the Armed Forces.[3] Secondly, the court concluded that the potential injury to the plaintiff remained speculative if the court denied review, because his appointment, if commissioned, falls within the President's discretion. On the final two *Mindes* factors the court deferred to "the superior knowledge of experienced military professionals in matters such as promotions[,]" and dismissed Nieszner's claim as nonreviewable.

On appeal Nieszner urges this court to reject the *Mindes* analysis and adopt instead the Third Circuit's approach outlined in *Dillard v. Brown,* 652 F.2d 316 (3d Cir. 1981). The Third Circuit rejected the *Mindes* analysis on the ground that "it intertwines the concept of justiciability with the standards to be applied to the merits of the case." *Id.* at 323.

We do not agree with the Third Circuit's conclusion that the *Mindes* analysis requires the court to consider the merits of a case in making a threshold determination of reviewability. Although the second step of the *Mindes* analysis directs courts to consider "[t]he nature and strength of the plaintiff's challenge to the military determination," *Mindes v. Seaman, supra,* 453 F.2d at 201, this does not require an evaluation of the merits of the claim presented. Rather, the court must consider whether the plaintiff has presented a claim substantial enough to warrant judicial intrusion into military matters.

> Constitutional claims, normally more important than those having only a statutory or regulatory base, are themselves unequal in the whole scale of values—compare haircut regulation questions to those arising in court-martial situations which raise issues of personal liberty. An obviously tenuous claim of any sort must be weighted in favor of declining review. [*Id.* (citations omitted).]

The Fifth Circuit's application of these factors in a subsequent opinion clarified the limited scope of this inquiry. In evaluating the nature and strength of a claim that an Army regulation barring enlistment of unwed parents of minor children unconstitutionally burdens the right to marry and have children, the court noted that there is no constitutional right to join the military, *West v. Brown,* 558 F.2d 757, 760 (5th Cir. 1977), *cert. denied,* 435 U.S. 926, 98 S.Ct. 1493, 55 L.Ed.2d 520 (1978), and that the Supreme Court has upheld rational restrictions on noncontractual government benefits and services that do not enjoy constitutionally protected status. *Id.* Because the regulation seemed reasonable in light of military needs, the court concluded that the plaintiff did not have a strong claim. *Id.* The court stated, however, that its determination did not amount to a prejudgment on the merits: "While we do not here hold that the plaintiffs' constitutional claim lacks merit, we hold that the claim is not powerful; rather it is tenuous." *Id.*

Similarly, in this case, the district court observed that "*there is no constitutional right* to be commissioned in the Air Force Reserve or to serve in the Armed Forces at all. *Doe v. Alexander,* 510 F.Supp. [900] at 904; *Pauls v. Secretary of the Air Force,* 457 F.2d 294, 297 (1st Cir. 1972); *Orloff v. Willoughby,* 345 U.S. 83, 90 [, 73 S.Ct. 534, 538, 97 L.Ed. 842] (1953)." *Nieszner v. Mark,* 3–80 Civ. 532, slip op. at 2 (D.Minn.

2. Applying the *Mindes* analysis in this case, the district court bypassed the first level of inquiry, and began directly balancing the four factors of step two. We note, however, that Nieszner had satisfied the first step of the *Mindes* test because he alleged that the application of AFR 36–15 to him denied him due process and equal protection, and he exhausted his intraservice remedies.

3. Nieszner asserted no statutory claim of age discrimination, nor did he contend that the application of AFR 36–15 to him violated any military regulation. Consequently, we frame our discussion of *Mindes* in terms of constitutional claims only.

Oct. 14, 1981) (emphasis added). The court thereby indicated that the regulation at issue did not affect a constitutional right, making Nieszner's claims tenuous at best. The court did not consider the likelihood of Nieszner's success in proving that AFR 36-15 violated his constitutional rights. Rather, the court determined only that the regulation did not implicate a constitutional right as Nieszner contended.

Remaining mindful that the Constitution applies to the military, *see Crawford v. Cushman*, 531 F.2d 1114, 1120 (2d Cir. 1976), we nevertheless share the traditional reluctance to interfere in military affairs.

> [J]udges are not given the task of running the Army. The responsibility for setting up channels through which such grievances can be considered and fairly settled rests upon the Congress and upon the President of the United States and his subordinates. The military constitutes a specialized community governed by a separate discipline from that of the civilian. Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate Army matters as the Army must be scrupulous not to intervene in judicial matters. [*Orloff v. Willoughby*, 345 U.S. 83, 93, 73 S.Ct. 534, 539, 97 L.Ed. 842 (1953).]

We believe that the *Mindes* analysis for determining justiciability of claims against the military fairly accommodates these competing interests. Applying the *Mindes* test, the district court properly determined that Nieszner presented a nonreviewable claim. Accordingly, we affirm the district court's dismissal of the complaint.

Affirmed.